# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Select Energy Services, LLC, | ) |
| | ) |
| | ) **ORDER GRANTING MOTION TO** |
| Plaintiff, | ) **COMPEL AND DIRECTING** |
| | ) **DEFENDANT TO SHOW CAUSE** |
| vs. | ) |
| | ) Case No. 4:14-cv-140 |
| Halo Holdings Group, LLLP, | ) |
| | ) |
| Defendant. | ) |

Before the court is a "Motion to Compel Post-Judgment Discovery and for Reasonable Expenses from Defendant" filed by the plaintiff, Select Energy Services, LLC ("Select Energy") on May 4, 2015. Judge Hovland has referred the motion to the undersigned. See F.D.I.C. v. LeGrand, 43 F.3d 163, 168 (5th Cir.1995) (recognizing a magistrate judge's authority to issue post-judgment discovery orders).

Select Energy initiated the above-captioned breach of contract action against the defendant, Halo Holdings Group, LLLP ("Halo Holdings"), in November 2014. On application by Select Energy, the Clerk filed an entry of default against Halo Holdings on January 5, 2015. On motion by Select Energy, the court entered default judgment against Halo Holdings and in favor of Select Energy on January 30, 2015, in the amount of $306,287.00 plus interest as provided by law.

On May 4, 2015, Select Energy filed a motion to compel post-judgment discovery pursuant to Fed. Rule Civ. P. 69(a)(2). It avers that it served correspondence along with post-judgment discovery requests on Halo Holdings, by and through Wild Willows Inc., defendant's general partner, on March 18, 2015. It further avers that Halo Holdings has acted in bad faith by failing to

1

respond to or otherwise cooperate with its discovery requests. It seeks an order compelling Halo Holdings to answer its post-judgment interrogatories and produce documents responsive to its post-judgment requests for production. Additionally, it seeks an award of $1,500, the attorney's fees incurred in bringing this motion,[1] plus any future travel expenses.

Rule 69(a) of the Federal Rule of Civil Procedure permits judgment creditors to conduct full post-judgment discovery to aid in execution of a judgment. Fed. R. Civ. P. 69 (a)(2); see also Credit Lyonnais, S.A. v. SGC Intern., Inc., 160 F.3d 428, 430 (8th Cir. 1998); F.D.I.C. v. LeGrand, 43 F.3d at 168 ("The scope of postjudgment discovery is very broad . . . ."); 12 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure, § 3013 (3d. Ed. 2014) ("Execution normally issues from the court rending the judgment . . . . [T]here is a statutory procedure [set forth in 28 U.S.C. § 1963] in which a money judgment of one federal court can be registered with a federal court in a different state or district, and then enforced as if it were a judgment of the second court."). In addition, Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. Fed. R. Civ. P. 69(a)(2). Objections to post-judgment discovery requests are thus waived if not timely raised, and the discovering party may move to compel discovery responses if the party against whom discovery is sought fails to answer. See Fed. R. Civ. P. 33, 34, and 37(a)(3)(B); BancorpSouth Bank v. RWM Properties II, LLC, No. , No. 4:11CV373, 2012 WL 3939972, at * 1 (E.D. Mo. Sept. 10, 2012) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection. The same waiver rule applies under Rule 34."

---

[1] According to plaintiff's counsel, she spent 6 hours in the preparation, filing, of plaintiff's motion at the rate of $250 per hour. (Docket No. 13-5)

2

(internal citations omitted));  see also In re United States, 864 F.2d 1153, 1156 (5th Cir.1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Here, it appears that Select Energy effectively served Halo Holdings with its post-judgement discovery requests on March 18, 2015.  It further appears that Halo Holdings neither responded nor otherwise objected to these requests within the 30 days provided for under Fed. R. Civ. P. 33(b)(2) and 34(b)(2). Thus, it has effectively waived any objections.

Accordingly, the court **GRANTS** Select Energy's Motion to Compel (Docket No. 13). Select Energy shall effectuate proper service of this order on Halo Holdings.  Within 20 day of service of this order, Halo Holdings shall respond to all of Select Energy's post-judgment interrogatories and produce all documents responsive to Select Energy's post-judgment request for production.

 Additionally, upon service of this order, Halo Holdings shall have twenty days in which to show cause why this court should not order it to pay costs and attorney's fees incurred by Select Energy in the preparation and filing of the instant motion.  See Fed. R. Civ. P. 37(a)(5)(A); see also T-M Vacuum Products, Inc. V. Taisc, Inc., No. H-07-4108, 2008 WL 5082413, at * 5 (S.D. Tex. Nov. 25, 2008) (ordering an opposing party to show cause why it should not be ordered to pay the movant's attorney's fees.").

**IT IS SO ORDERED.**

Dated this 24th day of June, 2015.

> /s/ Charles S. Miller, Jr.
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court